[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S OBJECTION TO ARBITRATION AWARD AND PLAINTIFF'S MOTION TO CONFIRM AWARD
This action was originally filed under the caption Katherine Maluszewski v. Allstate Insurance Company, Docket No. CV 90-0440100S with a return date of June 26, 1990. The plaintiff sought uninsured/underinsured benefits pursuant to all Allstate policy of insurance issued to her father. The said policy had a $50,000 limit of liability in uninsured/underinsured benefits on three cars. The case was pending in this court and scheduled for trial, when on October 9, 1991, the matter was withdrawn and the parties voluntarily submitted to arbitration. See decision of arbitration, page 3, paragraph 7C.
The matter was ultimately decided in favor of the plaintiff pursuant to the September 3, 1992 decision of the arbitrators.
The defendant Allstate Insurance Company asks the court to vacate, correct and/or modify the award for the following reasons:
1. The arbitrators wholly ignored a provision in the Allstate Insurance Policy which reduces Allstate's uninsured/underinsured motorist coverage limits by all amounts paid by "the owner or operator of the uninsured auto or anyone else responsible" for the subject accident. The claim is that the applicable uninsured/underinsured motorist coverage limit should have been reduced from $150,000 to zero, rather than to CT Page 9915 the $130,000 awarded the plaintiff.
2. The arbitrator failed to reduce Allstate's uninsured/underinsured liability by the full amount of liability coverage available to the plaintiff.
3. The majority of the arbitrators refused to give effect to the Allstate policy provision which precluded uninsured/underinsured motorist coverage when "a settlement has been made without Allstate's written consent."
4. The arbitrators failed to reduce their award based on the collateral source recovery by the plaintiff.
The plaintiff, in support of her application to confirm and in opposition to the defendant's motion to vacate, argues that:
1. The motion to vacate, modify or correct the arbitration award was not filed within the time limits of Conn. Gen. Stat. 42-420.
2. Even if timely filed, the review of the proceeding is limited to reviewing whether the decision conforms to the submission.
3. The arbitrators did not exceed their power or imperfectly execute their power.
4. Lastly, the plaintiff claims the award should be confirmed and interest should be awarded from the date of the arbitration decision pursuant to Conn. Gen. Stat. 37-3a.
The question of jurisdiction must be first addressed. Conn. Gen. Stat. 52-420 states in part: "(b) no motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." In this case, notice of the award was noticed to the parties on September 3, 1992. The motion to vacate filed by the defendant was stamped October 5, 1992 at the Superior Court Clerk's office, Judicial District of Hartford/New Britain at New Britain. See file #102. The motion was not filed within the thirty day period ending on Saturday, October 3, 1992, a non-business day. The next business day was October 5, 1992 and the motion was filed CT Page 9916 on that day. Section 405 of the Connecticut Practice Book provides in part, as follows: "If the last day for filing any motion in the Clerk's office falls on a day on which such office is not open as thus provided or is closed pursuant to authorization by the administrative judge in consultation with the Chief Court Administrator or the Chief Court Administrator due to the existence of special circumstances, then the last day for filing shall be the next business day upon which such office is open."
Therefore, under the above stated rule, the motion was timely filed.
The next issue for the court to address is the scope of review permitted. The defendant claims that the court's review is in the nature of a de novo proceeding. The plaintiff claims the review is limited to whether the decision conforms to the submission. Both parties claim that their positions are sustained by the language found in the seminal case of American universal Inc. Co. v. Del Greco, 205 Conn. 178
(1987). This case is further amplified by Bodner v. United Services Automobile Association, 222 Conn. 480. In that case the Supreme Court overturned the decision of the trial court which had conducted a de novo review of a voluntary submission, similar to the case at hand. The Bodner court stated, "voluntary arbitration and compulsory arbitration are fundamentally different if only because one may, under our system, consent to almost any restriction upon or deprivation of right, but similar restriction or deprivation, if compelled by government, must accord with procedural and substantive due process. . . ."
The case is different where "the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are assumed to have assumed the risks of and waived objection to that decision." Id. 487.
The issues voluntarily submitted to the arbitrators were those of coverage and damages. The award stated:
 "The arbitrators award the claimant the sum of $130,000 against Allstate in full and final resolution of all claims submitted to them."
CT Page 9917 This court is of the opinion that based upon the above cases cited this court is limited in its review and thus finds that the award conforms to the submission.
Finally, with respect to the defendant's claim that the arbitrators failed to give Allstate a credit for the plaintiff's collateral source recovery, the first finding states:
 1. The claimant . . . has suffered injuries and damages to the extent of $875,000.00 net of all collateral source payments."
This payment had therefore been considered by the arbitrators.
The award is confirmed in the amount of $130,000.00. With respect to the question of interest payable under 37-3a, that issue remains to be determined by the court upon the submission of evidence as to when the funds were due or whether it was wrongfully detained by Allstate. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 702
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT